MELISSA HOLYOAK, First Assistant United States Attorney (#9832)
VICTORIA K. McFARLAND, Assistant United States Attorney (#11411)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BENJAMIN DE LA TORRE VAZQUEZ, <br><br> Defendant. | Case No. 2:26-CR-00142 <br><br> **UNITED STATES' MOTION FOR DETENTION** <br><br> Magistrate Judge Dustin B. Pead |

☒   The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒   Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☒   **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days.  18 U.S.C. § 3142(f).  During any such continuance, the defendant shall be detained.  *Id.*  The rules concerning

the admissibility of evidence do not apply at the detention hearing.  *Id*.  The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.  *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

A rebuttable presumption is inapplicable in this case.

## Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device.  (18 U.S.C. § 3142(g)(1)).

## Relevant Firearm Seizures

This investigation involves numerous firearms which were purchased in the District of Utah and subsequently recovered in Mexico, Texas, and Kentucky.  On February 9, 2026, a search of a vehicle at a checkpoint in Durango, Mexico by the Federal Ministerial Police (FGR) revealed 49 firearms, including 34 rifles and 15 pistols (see photos below).  The firearms were individually wrapped in plastic, and approximately half of the firearms had obliterated serial numbers.  There were also significant amounts of ammunition, including .50 BMG and 5.56 caliber rifle rounds.

 

On March 2, 2026, law enforcement in Indiana stopped a vehicle for a traffic violation.  During a search of the vehicle, officers observed 9 firearms (4 rifles, 1 rifle receiver, and 4 pistol), along with significant amounts of ammunition, including .50 BMG and .408 caliber rifle rounds (see photos below).  The firearms were not listed as stolen and the occupants of the vehicle were found to be non-restricted.  Therefore, they were released from the scene, along with the observed firearms and ammunition.  Subsequent investigation revealed that 8 of the 9 firearms had been purchased in Utah.

 

On March 5, 2026, a vehicle was stopped in Texas.  The occupants told law enforcement they were headed to Mexico.  A search of the vehicle revealed 12 firearms (6 rifles, 1 rifle receiver, and 5 pistols) and a large quantity of .50 BMG rifle rounds (see photos below).  Of the 12 seized firearms, 8 were previously documented in the Indiana traffic stop.

 

One of the firearms documented in Indiana was not part of the seizure in Texas (the Ohio Ordnance Works M2-SLR .50 BMG rifle).   However, this firearm was seized on March 20, 2026 in Kentucky (see photo below).



## Identification of Utah Purchasers

To date, 15 of the recovered firearms have been traced back to a related group of Utah purchasers, which include BENJAMIN DE LA TORRE VAZQUEZ, JOSHUA HERNANDEZ, BENJAMIN CALVIN JOHNSON, GEOVANNI YAIR SANCHEZ, and one other.  Currently, 13 of the seized firearms are attributable to the named defendants. The chart below summarizes current known information regarding the most recent sale or transfer of each firearm, including the purchase date and source, along with the recovery date and location.

| FIREARM INFORMATION | PURCHASE DATE & SOURCE | PURCHASER | RECOVERY DATE & LOCATION |
|---|---|---|---|
| Glock 47 9mm pistol (s/n CFAS556) | 3/3/25 FFL | JOHNSON | 2/9/26 Mexico |
| Glock 19X 9mm pistol (s/n CERD122) | 11/29/25 FFL | DE LA TORRE VAZQUEZ | 2/9/26 Mexico |
| Stag Arms STAG-10 multi-caliber rifle (s/n Y-0018626) | 1/21/26 Private Sale | HERNANDEZ | 2/9/26 Mexico |
| Aero Precision M4E1 multi-caliber rifle (s/n obliterated) | | | |
| Palmetto State Armory PSAK-S 7.62 rifle (s/n AKS002383) | 1/22/26 Private Sale | HERNANDEZ | 2/9/26 Mexico |
| Kriss Vector SBR 9mm pistol (s/n 45C023191) | 1/23/26 Private Sale | HERNANDEZ | 2/9/26 Mexico |
| Century Arms International C308 .308 caliber rifle (s/n obliterated) | | | |
| FNH M249S 5.56 rifle (s/n M249SA01398) | 1/25/26 Private Sale | HERNANDEZ | 2/9/26 Mexico |
| Ruger RXM 9mm pistol (s/n 096-27950) | 1/27/26 FFL | JOHNSON | 3/5/26 Texas |
| FNH SCAR 17S .308 rifle (s/n H0C23736, but obliterated) | 1/28/26 Private Sale | HERNANDEZ | 2/9/26 Mexico |
| Project Guns RPD 7.62 rifle (s/n ISP-0062) | 1/30/26 FFL | DE LA TORRE VAZQUEZ | 2/9/26 Mexico |
| Barrett 82A1 .50 BMG rifle (s/n 25781) | 2/16/26 Private Sale | JOHNSON | 3/5/26 Texas |
| Ohio Ordnance Works M2-SLR .50 BMG rifle (s/n 850829) | 2/23/26 FFL | SANCHEZ | 3/20/26 Kentucky |

## Indictment and Search Warrants

On April 29, 2026, a grand jury returned an indictment charging violations of 18 U.S.C. § 922(a)(6), False Statements During the Acquisition of Firearms (DE LA TORRE VAZQUEZ, JOHNSON, and SANCHEZ), and 18 U.S.C. § 932(b)(2), Conspiracy to Straw Purchase Firearms (DE LA TORRE VAZQUEZ and

5

HERNANDEZ).  Arrest warrants were authorized, along with multiple search warrants. On April 30, 2026, the warrants were executed.  All defendants were taken into custody without incident.  28 firearms were recovered, 16 of which were from DE LA TORRE VAZQUEZ's residence:

- Beretta Tikka T3 300 Winchester rifle (s/n F14489)
- HS Produkt Springfield Armory Garrison .45 caliber pistol (s/n NM788217)
- Colt MKIV .38 special (s/n 71N21629)
- Colt MKIV .38 special (s/n GV098193)
- Colt MKIV .38 special (s/n GV234198)
- Taurus TX .22 caliber pistol (s/n 1PT553226)
- Rock Island Armory M1911A .380 caliber pistol (s/n RIA2863603)
- SCT Manufacturing 9mm pistol (s/n AAB0012471)
- SCT Manufacturing 9mm pistol (s/n AAB0012468)
- Kel-Tec Sub 2000 9mm rifle (s/n FHME24)
- Anderson Manufacturing AM15 multi-caliber rifle (s/n 20378499)
- SCT Manufacturing 9mm pistol (s/n AAB0012132)
- SCT Manufacturing 9mm pistol (s/n AAB0012470)
- SCT Manufacturing 9mm pistol (s/n AAB0012488)
- SCT Manufacturing 9mm pistol (s/n AAB0012489)
- Smith & Wesson M&P15 multi-caliber rifle (s/n TM75365)

During the execution of the warrant, agents found evidence of additional notable firearm acquisitions by DE LA TORRE VAZQUEZ, including the following:

- Colt 1911 .38 super pistol (February 24, 2025 packing slip, indicating the transfer via an Orem FFL for $10,979.99)
- DS Arms PRD DSA semi-automatic belt fed 7.62 rifle (November 16, 2025 receipt for $7,092.83)
- Barrett M82A1 .50 BMG caliber rifle (undated handwritten bill of sale for $8,000.00)

## DE LA TORRE VAZQUEZ Interview

During a post-*Miranda* interview on April 30, 2026, DE LA TORRE VAZQUEZ admitted he had been obtaining firearms to send to Mexico after being recruited during an October 2025 trip to Puerto Vallarta.  DE LA TORRE VAZQUEZ stated he would receive phone calls from an unidentified caller in Mexico, who would provide instructions for firearm acquisitions and details about where and when the firearms were

6

to be transferred.  DE LA TORRE VAZQUEZ stated there were multiple Utah-based participants and that he was aware of approximately 10-12 loads had been previously sent to Mexico from Utah.  DE LA TORRE VAZQUEZ also acknowledged he purchased the Glock 19X 9mm pistol and the Project Guns RPD 7.62 rifle to be sent to Mexico.  He estimated he had made between $3,000.00 and $5,000.00 from these activities.

The investigation has revealed that the firearms documented in Indiana on March 2, 2026 and seized in Texas on March 5, 2026 were picked up from HERNANDEZ's residence on February 28, 2026.  Data from DE LA TORRE VAZQUEZ's phone places the device near the residence during the relevant time frame for the pick-up.  During the April 30, 2026 execution of the search warrants, agents discovered a portion of the bathroom flooring had been cut out and covered with carpet.  A make-shift ladder had been built into the crawl space, and parts of rifle boxes were located in the area (see photos below).



## Preliminary Review of Phone Extraction

DE LA TORRE VAZQUEZ claimed ownership of two seized devices.  He indicated one of the devices was utilized to communicate with the Mexico-based contact, and agents noted the device received numerous inbound calls to the device from a Mexican phone number after it was seized.  A preliminary review showed DE LA TORRE VAZQUEZ has had recent contact with a Mexico number regarding firearms (many of the communications are in Spanish, awaiting official translation).

## Other Firearms

In addition to the firearms referenced above, DE LA TORRE VAZQUEZ has acquired, transferred, and/or attempted to acquire numerous firearms of similar make,

7

model, and caliber.  The chart below outlines purchases currently known to investigators.

| FIREARM INFORMATION | PURCHASE DATE & SOURCE | RECOVERY / TRANSFER DATE & LOCATION |
|---|---|---|
| Colt Government .38 pistol (s/n GV049951) | 3/3/25 FFL | |
| Colt M4 Carbine 5.56 rifle (s/n LE371545) | 3/18/25 FFL | |
| Colt Government .38 pistol (s/n GV232816) | 6/2/25 FFL | 7/10/25 Transfer to Texas FFL |
| Colt Government .38 pistol (s/n GV232982) | | |
| Colt Gold Cup Lite .38 pistol (s/n GV069439) | 7/17/25 FFL | 8/9/25 Transfer to Texas FFL |
| Colt Gold Cup National Match .38 pistol (s/n 71N21094) | 10/15/25 FFL | 11/3/25 Transfer to Texas FFL |
| Colt Government .38 pistol (s/n GV234198) | 11/14/25 FFL | |
| Colt Gold Cup National Match .38 pistol (s/n 71N21673) | 3/7/26 Ordered from Utah FFL | 4/13/26 Seized by ATF from Utah FFL |
| Colt Gold Cup National Match .38 pistol (s/n 71N21679) | | |
| Colt Gold Cup National Match .38 pistol (s/n 71N21492) | | |
| Colt Gold Cup National Match .38 pistol (s/n 71N21592) | | |
| Colt Gold Cup National Match .38 pistol (s/n 71N21833) | | |
| Colt Gold Cup National Match .38 pistol (s/n 71N21668) | | |
| Colt Gold Cup National Match .38 pistol (s/n 71N21720) | | |
| Colt Gold Cup National Match .38 pistol (s/n 71N21724) | | |
| Colt M4 Carbine 5.56 rifle (s/n CR878329) | | |
| Colt M4 Carbine 5.56 rifle (s/n CR878311) | | |

Messaging between JOHNSON and the Utah FFL show JOHNSON placed an order for 10 firearms on March 7, 2026, agreeing to pay $12,450.00 for the firearms. When the firearms were received by the FFL, JOHNSON sent DE LA TORRE VAZQUEZ's known phone number to the FFL to arrange pick up.

☒  The weight of evidence against the defendant.  (18 U.S.C. § 3142(g)(2)).

☒  The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings.  (18 U.S.C. § 3142(g)(3)(A)).

DE LA TORRE VAZQUEZ has minimal criminal history and appears to have employment and legitimate income, with reported wages of $60,774 in 2025.

☐  Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.  (18 U.S.C. § 3142(g)(3)(B)).

☒  The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).

☐  The defendant's lack of legal status in the United States.  The defendant's legal status is:

☒  How the defendant would be subject to removal or deportation after serving a period of incarceration.

☒  The defendant's significant family or other ties outside of the United States.

DE LA TORRE VAZQUEZ appears to have several contacts outside of the United States.  Additionally, he traveled to Puerto Vallarta, Mexico as recently as March 15, 2026, returning to Utah on March 24, 2026.  Incidentally, the earliest photos taken from DE LA TORRE VAZQUEZ's seized phones appear to have been taken on March 24, 2026.

☐  The defendant's use of aliases or false documents.

☐  The defendant's prior attempts to evade law enforcement.

☐  How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐  Other reasons including:

9

## Victim Notification

☒  This matter does not involve a victim requiring notification.

DATED this 11th day of May, 2026.

MELISSA HOLYOAK
First Assistant United States Attorney

*Victoria K. McFarland*

VICTORIA K. McFARLAND
Assistant United States Attorney

10